IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07CR166-WKW |
| | ) | |
| JOHN WEBSTER | ) | |

SUPPLEMENTAL RESPONSE TO MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and as supplemental response to the motion filed by the defendant herein, the following is submitted:

1.  As stated in the Government's initial response, the stop of the vehicle the defendant was driving was made because the Montgomery Police Officer, Corporal Gerald Manora, then believed the vehicle matched the description of a vehicle which had been involved in a shooting. The detaining officer must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.  First, the assessment must be based upon all of the circumstances.  The analysis proceeds with various objective observations, information from police reports, if such are available, and consideration of the modes or patterns of operation of certain kinds of lawbreakers.  The second element contained in the idea that an assessment of the whole picture must yield a particularized suspicion is the concept that the process just described must raise a suspicion that the particular individual being stopped is engaged in wrongdoing. U.S. v. Cortez, 449 U.S. 411 (1981).

2.  Certainly, Corporal Manora believed that the vehicle Webster was driving matched the description of the vehicle that had been reported to be involved in a shooting.  His testimony was

that his training and experience was that people who made reports to law enforcement did not always give exact information. Corporal Manora wrote in his signed memorandum of the stop the lookout was for a blue/blue Pontiac Gran Prix with the words "Down South Customs" on the rear window. In his deposition for the offense, Corporal Manora wrote the lookout was for a blue/blue 2002 Pontiac Grand Am with the words, Down South Customs, on the rear of the vehicle. He, in fact, stopped a Grand Am. The color varied with the light, according to the defendant's sister who testified, but clearly the vehicle is a solid color of some shade of blue. We can never be certain what the words were on the rear of the vehicle because that had been removed when the defendant's photographs were taken. Corporal Manora wrote in both his memorandum and deposition that the lookout was for Down South Customs. Defendant's sister said the logo was Down and Dirty Customs. In any event, the question is, did Corporal Manora then have reasonable suspicion to stop defendant's vehicle. Terry v. Ohio, 392 U.S. 1 (1968). The Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity "may be afoot." U.S. v. Arizona, 534 U.S. 266 (2002).

3. The United States submits Corporal Manora did have reasonable suspicion to stop defendant's vehicle based upon the lookout he had been given.

4. Corporal Manora testified that he determined that defendant's vehicle was not the one involved in the shooting. However, he had reasonable suspicion that it was when he made the stop. Once stopped, Corporal Manora was lawfully entitled to conduct a brief pat-down for his safety. Terry v. Ohio, supra. It was during this pat-down that Corporal Manora found the fully loaded pistol in the waistband of defendant's pants and the baggy of marijuana in his right front pants pocket.

Wherefore, premises considered, the United States submits the Motion to Suppress is due to be denied.

Respectfully submitted this the 3rd day of December, 2007.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ Kent B. Brunson
>KENT B. BRUNSON
>Assistant United States Attorney
>Post Office Box 197
>Montgomery, Alabama 36101-0197
>334-223-7280 Phone
>334-223-7135 Fax
>E-mail: kent.brunson@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CR. NO. 2:07CR166-WKW |
| | ) |
| JOHN WEBSTER | ) |

CERTIFICATE OF SERVICE

    I hereby certify that on December 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Michael J. Petersen, attorney for the defendant.

        Respectfully submitted,

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Kent B. Brunson
        KENT B. BRUNSON
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        334-223-7280 Phone
        334-223-7135 Fax
        E-mail: kent.brunson@usdoj.gov