IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.        ) | CASE NO. 2:07-cr-0166-WKW |
| ) | |
| JOHN WEBSTER    ) | |

## **ORDER**

Before the court is the Objection (Doc. # 39) to the Report and Recommendation (Doc. # 37) of the Magistrate Judge as to the defendant's Motion to Suppress (Doc. # 22). The three objections hinge entirely on one proposition advanced by the defendant – that the *Terry* stop was illegal. While this ground was raised initially in the motion to suppress, the defendant based his arguments after the hearing on an entirely alternative argument, *i.e.*, the encounter was a custodial detention that must be scrutinized under *Brown v. Illinois*, 422 U.S. 590 (1975). (*See* Doc. # 35 at 4.) As properly noted by the Magistrate Judge, the latter position, adopted by the defendant after the close of evidence, is factually mistaken, being based on the erroneous assertion that "Officer Manora also arrested Mr. Webster as soon as the defendant exited his vehicle . . . ." (*Id*. at 7.) In fact, there is no dispute in the testimony that Officer Manora arrested the defendant at some point after he was patted down for officer protection early in the encounter.[1]

Though the *Brown* argument was the one before the court when the Recommendation

---

[1] The pat down produced a loaded weapon located in the defendant's waistband, subsequently resulting in a further search incident to arrest, which produced the marijuana located in the defendant's pocket.

was drafted, the court has fully considered the defendant's objection because he first raised the issue of an illegal *Terry* stop in his motion to suppress. The stop was made by a motorcycle officer operating on information provided by the police department to be on the look-out for "a dark-colored vehicle, unknown make and model. This dark-colored vehicle had written on the rear window something to the effect of Down South Customs or something to that effect." (Mot. to Suppress Hr'g Tr. 4.) In fact, the defendant was driving a dark-colored vehicle with the logo "Down and Dirty Customs," the name of his sister's business. (*Id*. at 22.) Thus, the officer was able to articulate, under the totality of the circumstances, a minimal objective justification for the *Terry* stop. It follows that the objections to the arrest and inevitable discovery findings also fail.

After an independent and *de novo* review of the entire record and upon consideration of the defendant's Objection and the Recommendation of the Magistrate Judge, it is ORDERED that:

1.   The Objection (Doc. # 39) is OVERRULED;

2.   The Recommendation (Doc. # 37) is ADOPTED; and

3.   The Motion to Suppress (Doc. # 22) is DENIED.

DONE this 11th day of January, 2008.

                                             /s/ W. Keith Watkins
                                             UNITED STATES DISTRICT JUDGE